IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DWAIN MATTHEW BAGBY, #210 151, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-903-WKW |
| | ) | [WO] |
| WARDEN KARLA JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Ventress Correctional Facility in Clayton, Alabama, brings this 42 U.S.C. § 1983 action against Warden Karla Jones and John Baker.[1] This suit concerns a dispute over Plaintiff's classification level. Plaintiff requests the court direct Defendant Baker to respect the law and afford him due process. *See* Doc. 5. Upon review, the court concludes that dismissal of Plaintiff's complaint is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

### I. DISCUSSION

Plaintiff has resided at the Ventress Correctional Facility for over a year. In June of 2016, Defendant Baker informed Plaintiff he was on the list for special review and advised the inmate he would "put [him] in for [his] custody" if Plaintiff took anger management class and had a warrant removed. Plaintiff completed the anger management class on July 1, 2016, and had the

---

[1] In accordance with the prior orders and proceedings, this matter is before the court on Plaintiff's amended complaint. *See* Docs. 4, 5.

[2] The court granted Plaintiff leave to proceed *in forma pauperis*. Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

warrant removed on July 18, 2016. Plaintiff has been waiting since February 28, 2016, for a special review and to be put in for his custody but states nothing has happened and complains Defendant Baker lied to him regarding these matters which violates his right to due process. Doc. 5 at 3.

Plaintiff's due process challenge to his custody classification level provides no basis for relief.   The law is well settled that

> there are only two instances when a prisoner may be deprived of a due process liberty interest under § 1983:  The first is when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court.  The second situation is when the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  *Kirby v. Siegelman*, 195 F.3d 1285, 1290-91 (11th Cir. 1999) (quotation omitted) (citing *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)).

*Morales v. Chertoff*, 212 F. App'x 888, 890 (11th Cir. 2006).  Plaintiff's claim fails to implicate either of these situations because an inmate's assigned custody classification is not "so severe that it essentially exceeds the sentence imposed by the court," and the administrative regulations governing classification "do not bestow a benefit vis-a-vis the custody classification, the deprivation of which would result in an 'atypical and significant hardship' on [Plaintiff]." *Morales*, 212 F. App'x at 890 (citing *Sandin*, 515 U.S. at 484); *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) (holding that Constitution affords no liberty interest in prisoner's custody classification); *Moody v. Daggett,* 429 U.S. 78, 87 n.9 (1976) (inmate has no constitutional right to receive a particular security classification); *Jones v. Diamond,* 594 F.2d 997 (5th Cir. 1979) (same); *see generally Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose."). Since Plaintiff has no constitutional right to a particular custody

classification, his challenges are without merit and subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that **on or before March 31, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 15th day of March 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE